Franklin L. Ferguson, Jr., State Bar No. 170875
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; (323) 679-1064 (Facsimile)
franklin@franklinferguson.com

Attorney for Plaintiff, Frank Goldman

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANK GOLDMAN, an individual,** | **Case No. :** |
| **Plaintiff,** | **COMPLAINT FOR CIVIL DAMAGES** |
| **v.** | |
| **SAN FRANCISCO REGIONAL WATER QUALITY CONTROL BOARD, a public entity; KEVIN BROWN, an individual; ALEC NAUGLE, an individual; LAURENT MEILLIER, an individual , EILEEN M. WHITE, an individual and DOES 1-10, inclusive,** | 1. Violation of the Bane Act, California Civil Code §52.1; Right to Petition Government for Redress of Grievances, Per Article I, §3 of California's Constitution |
| **Defendants.** | 2. Violation of 42 U.S.C. §1983; U.S. Constitution's 1st Amendment Right to Petition Government for Redress of Grievances |
| | 3. Violation of 42 U.S.C. §1983-*Monell* Claim; U.S. Constitution's 1st Amendment Right to Petition Government for Redress of Grievances |
| | 4. Denial of Procedural Due Process in Violation of 42 U.S.C. §1983 |
| | 5. Negligent Hiring, Training and Retention |
| | 6. Defamation-False Light Publication |

**COMPLAINT FOR CIVIL DAMAGES**

- 1 -

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

**DEMAND FOR JURY TRIAL**

## NATURE OF THE ACTION

1.      The California State Water Resources Control Board is one of six (6) Boards under the California Environmental Protection Agency ("Cal EPA"). The San Francisco Regional Water Quality Control Board ("SFRWQCB" or "Defendant") is one of the nine (9) regional sub-divisions of the California State Water Resources Control Board.

2.      This is a civil rights action for compensatory and punitive damages, brought by Plaintiff Frank Goldman, against SFRWQCB, Kevin Brown, Alec Naugle, Laurent Meillier and Eileen M. White. Plaintiff alleges that Defendants retaliated immediately following Plaintiff's engagement in protected speech on September 13, 2023. This retaliation took the form of intimidation tactics, as well as deliberate and public disclosures of information casting Plaintiff's professional business interests in a false light. Defendant filed and/or solicited the filing of a professional complaint with the California Board for Professional Engineers against Plaintiff Goldman. This professional complaint included deliberate misrepresentation of facts to third parties, including Marathon Petroleum Corporation, Tesoro Refining & Marketing Company LLC, Tesoro Environmental Resources Company, Tesoro Sierra Properties, LLC, and Tesoro Companies, Inc. ("Tesoro/Marathon"), as well as the dissemination of false accusations to private parties in violation of Due Process.

3.      These actions were taken in response to Plaintiff's exercise of his First Amendment rights to petition the government for redress of grievances, made

**COMPLAINT FOR CIVIL DAMAGES**

applicable to the states via 42 U.S.C. §1983. These rights also are protected by Article I, §3 of the California Constitution. Defendant additionally subjected Plaintiff to (a) Procedural Due Process violation, (b) negligent hiring, training and retention and (c) false light publication defamation.

4.      Plaintiff asserts that Defendants, by and through the actions alleged herein, have acted in violation of Plaintiff's civil rights. Plaintiff is informed and believes, and hereupon alleges, that because of the facts, conditions, and circumstances set out herein, an actual, justiciable controversy exists between the parties.

5.      Plaintiff seeks monetary damages to compensate him for the unreasonable and unlawful actions of Defendant SFRWQCB, the individually named Defendants, Doe Defendants and each of them. Plaintiff also seeks injunctive relief.

<u>JURISDICTION AND VENUE</u>

6.      Defendants' acts and omissions, as more fully alleged herein, violate federal and state laws. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a) (3) and (4). Jurisdiction is also premised under 28 U.S.C. §1343(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983.

7.      Venue is proper in this District, pursuant to 28 U.S.C. §1391 (b) and 28 U.S.C. §1391 (e)(1-2), in that the unlawful acts and practices occurred in Contra Costa County, an area that is within this judicial district. The claims for relief from the violations of California law alleged in this Complaint for Civil Damages, as well as the claims for relief from the violations of federal law also alleged and which predominate this Complaint for Civil Damages, are based on a common nucleus of operative facts. Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises jurisdiction of the action for relief from the violations of California law below alleged.

**COMPLAINT FOR CIVIL DAMAGES**

- 3 -

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

## THE PARTIES

8.     Plaintiff Frank Goldman is an individual resident of the City of Auburn and the County of Placer, within the State of California. Mr. Goldman is a Professional Geologist (License #5557), Certified Hydrogeologist (License #466) and an Environmental Consultant. At all times relevant to this Complaint for Civil Damages, Mr. Goldman was a citizen of the United States.

9.     Defendant SFRWQCB, at all relevant times, is a public entity, an Agency of the State of California, organized under the laws of the State of California, with the capacity to sue and be sued. The SFRWQCB functions through delegation to its staff. Supervisory staff members, including the Executive Officer, are responsible for ensuring constitutional compliance. Defendant is also a "business establishment" within the meaning of the Unruh Civil Rights Act, Civil Code §51 *et seq*. Defendant SFRWQCB is sued in its own right and on the basis of the acts of its officials, agents and employees. At all relevant times, Defendant was responsible for ensuring that its officials, agents and employees obeyed the U.S. Constitution and the laws of the United States and of California.

10.    Defendant Kevin Brown is employed by SFRWQCB as an Engineering Geologist. Mr. Brown is sued in both his personal and official capacities.

11.    Defendant Alec Naugle is  employed by SFRWQCB as a Toxics Cleanup Division Manager. Mr. Naugle is sued in both his personal and official capacities.

12.    Defendant Laurent Meillier is employed by SFRWQCB as a Senior Engineering Geologist. Mr. Meillier is sued in both his personal and official capacities.

13.    Defendant Eileen M. White is employed by SFRWQCB as an Executive Officer and final decision-making authority for the SFRWQCB. Ms. White is sued in both her personal and official capacities.

//

**COMPLAINT FOR CIVIL DAMAGES**

- 4 -

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

14.    Plaintiff is ignorant of the true names and capacities of those persons sued herein as "DOES 1 through 10, inclusive" and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint for Civil Damages to allege these Defendants' true names and capacities, if and when they are ascertained. Plaintiff is informed and believes, and on such basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and that Plaintiff's damages were caused by such Defendants.

15.    Plaintiff is informed and believes and upon such basis alleges that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in failing to act as alleged in this Complaint for Civil Damages, was acting within the scope of said Defendant's actual or apparent authority. Alternatively, the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal. All non-municipal, individual Defendants acted or failed to act in the face of an obligation to do otherwise, and did so maliciously and with reckless disregard for Plaintiff's rights and thus are liable for punitive damages.

16.    Plaintiff is informed and believes and upon such basis alleges that all Defendants, at all times relevant to the allegations herein, acted under the color of state law. Each non-government entity Defendant is sued in both that person's individual and official capacities. Liability under federal law for all government entity employees is based upon 42 U.S.C. §1983.

<u>FACTUAL ALLEGATIONS</u>

17.    Stephen Depper is an individual resident of the City of Walnut Creek and the County of Contra Costa, within the State of California. At all times relevant to this Complaint for Civil Damages, Mr. Depper was the principle member of Dutch Girl Plaza, LLC, located at 2094 Mount Diablo Boulevard, Walnut Creek, CA 94596.

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

18.     At all times pertinent to this Complaint for Civil Damages, Mr. Kevin Brown has functioned as the Engineering Geologist for Site Cleanup/Toxics Cleanup Program on behalf of SFRWQCB. On February 2, 2023, Mr. Brown sent an email to Ms. Alexandra McMullen, Clerical Supervisor for Contra Costa County ("County"). In this email, Mr. Brown requested an electronic file concerning Dutch Girl Plaza, LLC, a business located at 2094 Mount Diablo Boulevard, Walnut Creek, CA 94596. This Dutch Girl Plaza, LLC was formerly located at 1950 Mount Diablo Boulevard, Walnut Creek, CA 94596. Mr. Brown sought information from the County regarding both business locations, with an emphasis on the 2094 Mount Diablo Boulevard site. Mr. Brown's focus on chemical-use history relates directly to subsequent false accusations which he levied against Mr. Depper's Dutch Girl Plaza, LLC: that chlorinated solvents originated from the Depper property rather than from Tesoro/Marathon's operations. Mr. Brown's ostensible goal was to ascertain the approximate age of the business operations with respect to the 2094 Mount Diablo Boulevard locale, including past and current chemical usage.

19.     On February 6, 2023, Ms. McMullen sent an email to Mr. Brown. This email concerned a file regarding the 2094 Mount Diablo Boulevard location. Ms. McMullen indicated that, due to the company's move on April 11, 2002, no records had been identified for the 1950 Mount Diablo Boulevard site. Ms. McMullen explained that, after five (5) years without activity, County records concerning an enterprise are automatically purged.

20.     Mr. Brown tendered a California Public Records Act ("CPRA") request to the City of Walnut Creek, CA on July 10, 2023, seeking "Building permits, engineering and architectural plans, correspondence, consultant reports, *etc*. I'd like to review the entire building file for the parcel." This CPRA request was documented as "Building Division Records Request R001166-071023."

//

//

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

21.     On July 17, 2023, Ms. Samantha Samson, representing the Building Division of the City of Walnut Creek, sent an email response to Mr. Brown, containing a link to the requested documents, which were all public records.

22.     Several July 17, 2023 emails document the fact that Mr. Brown attempted to verbally intimidate Mr. Depper, a person with a history of criticizing Tesoro/Marathon's cleanup efforts. At the conclusion of the 2019 SFRWQCB presentation, for example, Mr. Brown had threatened to reopen an expired underground storage tank ("UST") case, in the event that Mr. Depper persisted in criticizing Tesoro/Marathon's cleanup efforts. Because the UST case had already been formally closed and there was no lawful basis for reopening it, Mr. Brown's threat can reasonably be viewed as nothing other than a retaliatory act.

23.     On December 3, 2018, the SFRWQCB intentionally mis-filed a Prop 65 Notice that had been lodged by Attorney Ryan Hiete of Groveman and Hiete, LLP, counsel on behalf of Mr. Depper against property that was owned and/or operated by Marathon Petroleum Corporation, Tesoro Refining & Marketing Company LLC, Tesoro Environmental Resources Company, Tesoro Sierra Properties, LLC, and Tesoro Companies, Inc. ("Tesoro/Marathon"). A Prop 65 Notice is a formal sixty (60)-day  notice that is sent to a California business, alleging a violation of Proposition 65, California's "right to know" law. Prop 65 Notices are sent by private parties, in order to inform targeted business entities that they might be exposing consumers to a chemical on the state's list of carcinogens or reproductive toxins without a proper warning label. The law protects citizens by providing notice concerning information that consumers have a "right to know." Once provided Prop 65 Notice, companies have sixty days to either take corrective action or face a lawsuit.

24.     This SFRWQCB mis-filing involved the intentional "targeting" of the wrong business entity. This false label had the pragmatic impact of concealing from the public, the fact of Tesoro/Marathon's contamination threat to the public. This

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

action lies at the heart of this controversy. SFRWQCB is tasked with acting in the best interests of California citizens as a collective, not on behalf of specific corporate interests, such as those held by Tesoro/Marathon.

25. On August 28, 2023, Mr. Brown confronted Mr. Depper with false accusations-that Mr. Depper's Dutch Girl Plaza, LLC was responsible for instigating the chlorinated solvent contamination of nearby 2082 Mount Diablo, Blvd., Walnut Creek, CA. These accusations were made despite Mr. Brown possessing multiple years of neutral-sourced data showing chlorinated solvents originating from the Tesoro/Marathon property, not the Depper parcel. Mr. Brown's questioning was ostensibly designed to manufacture a false narrative of alternative chlorinated solvent sources on the Depper property. This narrative is devoid of supporting evidence.

26. Dutch Girl Plaza, LLC has operated on the Depper property for over 20 years. Dry cleaners often use chlorinated solvents within their operations. Kevin Brown has never asserted in writing or otherwise that either Perchloroethylene ("PCE") or Trichloroethylene ("TCE") was used on the Depper property. On August 28, 2023, during a sanitary sewer replacement project, conducted by Central Contra Costa Sanitation District along the eastern side of the Depper property, Mr. Depper asked Kevin Brown about the status of the access agreement for two (2) monitoring wells on his property (MW-10 and MW-11), which are owned by Tesoro/Marathon. Mr. Brown told Mr. Depper that the SFRWQCB was not involved with the access negotiations, but could assist with facilitating this agreement if needed. Mr. Brown asked Mr. Depper if chlorinated solvents were ever used as spotting agents for the Dutch Girl Plaza, LLC business, to which Mr. Depper responded, "No." Mr. Brown's questioning was ostensibly designed to manufacture a false narrative concerning the origins of alternative chlorinated solvent sources on the Depper property. This narrative is devoid of supporting evidence.

//

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

27.     Plaintiff Goldman, consistent with his constitutionally protected petitioning rights, on September 8, 2023 sent an email to Ms. Eileen M. White, P.E., an SFRWQCB executive officer. In his email, Mr. Goldman signaled that on September 13, 2023 he intended to render public comment concerning the intended closure of the Tesoro/Marathon gas station site at 2098 Mount Diablo Boulevard in Walnut Creek. Mr. Goldman requested from Ms. White the information necessary to access the meeting virtually, as well as to be in the queue for his turn to speak.

28.     By means of publicly distributed physical copies, hand-delivered during a hearing and submitted to the Executive Director of SFRWQCB by Mr. Depper, as well as via oral advocacy, Mr. Goldman published documentation of more than forty (40) regulatory violations which had collectively been committed by Tesoro/Marathon and the SFRWQCB. Ms. White promised to remove Mr. Brown from the case and assign a senior staffer to the matter.

29.     The September 13, 2023 "Handout" merits particular explanation. In his role as the environmental consultant for Mr. Depper, specifically, Mr. Goldman requested the SFRWQCB to mediate the impasse between Mr. Depper and Mr. Brown, who represented the SFRWQCB staff. Mr. Goldman explained to the Board that he was requesting formal mediation due to the fact that the SFRWQCB staff, specifically Kevin Brown, had refused to address evidence of contamination left in place by Tesoro/Marathon. This refusal was in spite of repeated technical submissions by Mr. Goldman, Mr. Depper's technical consultant, on behalf of Mr. Depper.

30.     At the heart of the controversy was the fact that Tesoro/Marathon had failed to properly excavate and remove all the highly contaminated soil they originally agreed to remove during the cleanup work phase of a plan approved by Mr. Brown. The residual, contaminated soil remains as a source for soil, gas and groundwater contamination exposure, beneath the Depper property.

31.     The residual contamination beneath their property is problematic

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

because it will be exposed during imminent underground construction for a mixed residential use building on the Depper's property. The contamination beneath the property is extensive both laterally and vertically. Mr. Brown ignored this fact when attempting to close the site. Failure to evaluate excavation-phase exposure violates the conceptual site model ("CSM") requirements under the SFRWQCB's Low-Threat Closure Policy.

32.     Three (3) independent petitions were submitted to the SFRWQCB's Office of the Chief Counsel by Plaintiff Goldman, regarding this matter. In his forty-two (42) year career, Mr. Goldman has never before filed a petition encompassing more than forty (40) causes of action and he does not recall encountering any UST or Site Cleanup Program ("SCP") cases with such an abundance of obstacles to achieving site closure.

33.     Mr. Depper possesses the 2094 Mount Diablo Boulevard, Walnut Creek property, adjacent to a Tesoro/Marathon gas station. Mr. Depper acquired the property with a pristine Phase One environmental audit, then developed the space as a location for Mr. Depper's assorted business and retail tenants. Mr. Goldman reported the fact that Kevin Brown ignored requests for Phase One reports of the property transfers for the Tesoro/Marathon property at 2098 Mount Diablo Boulevard in Walnut Creek.

34.     The Handout further reported that the property, in accordance with Walnut Creek's West Downtown Specific Plan ("The BART Block" of 2019) is being redeveloped as seventy-five (75) residential units. This redevelopment includes a low income component with a ground-level daycare, additional retail parking and required underground parking to meet Walnut Creek's State mandated housing needs. These redevelopment plans underscore the heightened importance of a complete and accurate contamination assessment. Residential and daycare uses invoke the strictest toxicity exposure standards.

35.     According to the information detailed on the Handout, Mr. Brown has

**COMPLAINT FOR CIVIL DAMAGES**

made on-going attempts to close the Tesoro/Marathon gas station site since 2015. Also documented in the Handout were the verifications by both Mr. Depper and Mr. Goldman in the field, that benzene, naphthalene, ethyl benzene and waste oil UST constituents remain human health threats. The Handout illustrated the fact that those same discharges have been identified beneath the Depper property, even reaching to neighboring properties beyond the Depper boundaries. TCE has been identified in deep groundwater beneath the subsurface investigation area and PCE had also been identified as soil gas beneath the Tesoro/Marathon property. These detections undermine Mr. Brown's repeated efforts to declare the Tesoro/Marathon site as eligible for closure and demonstrate a pattern of reckless disregard for evidence of field-confirmed contamination.

36.    TCE was identified at a depth of fifty (50) feet beneath the Depper property. PCE has been identified, in shallow soil gas, on the Tesoro/Marathon property. In spite of overwhelming evidence that the chlorinated solvents most likely emanated from the Tesoro/Marathon, and not the Depper property, Mr. Brown has continued to assert, both in writing and in a personal conversation with Mr. Depper, that the chlorinated solvents emanated from the Depper property and not from the Tesoro/Marathon land. This assertion is unfounded and highly damaging to Mr. Depper's professional representative. Mr. Brown's position directly contradicts the soil-gas and groundwater data, which consistently show down gradient solvent migration from the Tesoro/Marathon parcel toward the Depper property.

37.    Significantly, via the Handout, Mr. Depper and Plaintiff Goldman asserted that Mr. Brown ignored all requests to deny closure of the Tesoro/Marathon UST site. The September 13, 2023 Handout further documented that no record had been found proving that Mr. Brown had either reviewed or evaluated any of the more than a dozen technical reports covering these issues. These technical reports were sent to Mr. Brown over the past five (5) years. According to the applicable statutes, failure to review mandated technical submissions constitutes a serious

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

departure from standard regulatory oversight obligations and deprived Plaintiff of procedural Due Process.

38.    Mr. Brown had unilaterally modified the Regional Board work plan to accommodate Tesoro/Marathon, leaving the highly contaminated soil in place next to the Depper property rather than removing the contamination as previously ordered. The stated reason by ARCTOS, Tesoro/Marathon's consultant, was that they had received two odor complaints from Bay Area Air Quality Management District ("BAAQMD") and a third complaint would have temporarily shut down excavation activities until the fumes were brought under control. The odor issues were so severe that one of Mr. Depper's employees, having complained of the odor, collapsed unconscious. No engineering controls were suggested by Mr. Brown. The highly contaminated soil is still in place and is, at minimum, a continuing cancer risk and nuisance to the neighboring properties. Allowing contamination to remain in place due solely to odor complaints reflects an improper prioritization of Tesoro/Marathon's convenience over public safety and environmental protection.

39.    On behalf of Mr. Depper, Mr. Ryan Hiete, of Groveman Hiete LLP, submitted a Prop. 65 Notice to Mr. Brown on October 25, 2023. This Prop 65 Notice informs consumers or businesses of potential exposure to chemicals known to cause cancer or reproductive harm and was issued concerning Tesoro/Marathon's illegal waste discharges. The Regional Board never posted the Prop. 65 Notice to GeoTracker. Plaintiff has identified no documentation that Tesoro/Marathon even notified its own employees of the Prop 65 notification. Plaintiff has further identified very little evidence of public notification for impending corrective action and/or intentions to close the site. Placing the Prop 65 Notice on a Property previously leased by Mr. Depper placed Mr. Depper at risk with a former landlord and not on the actual polluter Tesoro/Marathon on their property. Failure to upload the Prop 65 Notice to the public GeoTracker system deprived the public of mandated hazard disclosure and undermined the transparency of the regulatory process, jeopardizing

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

the public's right to know.

40.    The former waste oil UST on the Tesoro/Marathon site has never been completely or properly removed. Tesoro/Marathon has attempted to have this site closed by Contra Costa County, retroactively. Mr. Goldman has only received a partial tranche of documents related to the waste oil tank removal from Kevin Brown, despite a total of four (4) years' time raising the issue to Mr. Brown. Plaintiff continues waiting for documents which list the former contents of the waste oil tank, starting in March of 2019. The absence of documentation regarding historical tank contents prevents a proper risk assessment and violates standard UST closure requirements.

41.    Upon information and belief, neither follow-up monitoring nor plans to mitigate the threat of residual contamination has ever been performed at the site in question. Only one down gradient point of compliance groundwater monitor well (MW-11 located down gradient on the Deppers property), that was used for air sparging, was used as justification to prove that the dissolved and vapor contaminant plumes are stable or decreasing. Air sparging of this down gradient point of compliance well is not valid, due to the fact that the act of air sparging merely cleans the shallow groundwater contamination in the immediate vicinity of the well (e.g. perhaps at a radius of 10 to 25 feet), leading to the false impression that the entire extent of all down gradient plumes are clean. Mr. Brown has been informed of this ambiguity, yet has apparently not considered this crucial detail in his efforts to close the site. Mr. Brown was repeatedly informed that reliance on MW-11 post–air sparging would generate misleading data and could not support site closure, yet he continued to rely on MW-11 results.

42.    Residual contamination is a human health threat as per an on-going Site-Specific Human Health Risk Assessment ("HHRA") performed by Clint S. Skinner, PhD. According to the SFRWQCB's Environmental Screening Level ("ESL") Guidance Document, operating fuel service stations are not exempt from

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

regulation under the Low Threat Closure Policy ("LTCP") if a Site-Specific HHRA has identified human health risks. The HHRA had previously identified cancer risks on the Tesoro/Marathon property to be as high as 4,000 cancer deaths per million. Mr. Brown was initially informed of these unacceptable health risks during a 2019 Presentation at the Regional Board offices. Mr. Brown has chosen to continue to ignore these human health risks in his efforts to close the site. Despite these findings, Mr. Brown chose to disregard the HHRA results so that he might pursue site closure. This course of action was in direct conflict with LTCP and ESL guidance.

43.    The residual hydrocarbon contamination likely remains a serious explosion hazard identified as methane gas in 2009, 2010 and 2011. Further, there is no evidence that Mr. Brown has reported the methane gas levels to authorities for the safety of the community and the contractors working on Mount Diablo Boulevard, a major Walnut Creek thoroughfare. It is worth noting that Tesoro/Marathon's contamination beneath the Depper property will be exposed during imminent underground construction for a mixed residential use building. The contamination beneath the Depper property is extensive both laterally and vertically. Mr. Brown has ignored this fact when making his attempts to close the site.

44.    It must be noted that though the planned building development will require the construction of a drinking water supply well on the Depper site, the thirty-one (31) to thirty-four (34) foot deep aquifer and the forty-six (46) to fifty (50) foot deep aquifer are contaminated. No subsurface investigation and monitoring of these aquifers has ever been required by Kevin Brown in order to complete the Conceptual Site Model ("CSM"). It is abundantly clear that the CSM for the Tesoro/Marathon site lacks field data from between twenty (20) and forty-six (46) feet below ground surface ("bgs"), at a minimum. The CSM is incomplete and the site, therefore, does not qualify for closure under the LTCP. Mr. Brown has ignored this fact when making his attempts to close the site. Ignoring critical data gaps in the vertical profile of contamination is inconsistent with standard CSM practice and

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

further undermines the validity of any closure determination.

45.     An independent impediment to closure under the LTCP is that a surface water body, Murderers Creek (part of the Grayson/Murderers creek watershed, as stated in the Basin Plan), is located immediately adjacent to the Tesoro/Marathon gas station site. Mr. Brown has ostensibly ignored this fact when making his attempts to close the Tesoro/Marathon site. Surface water proximity is a mandatory consideration in evaluating eligibility for low-threat UST closure, and the adjacency of Murderers Creek independently disqualifies the site from streamlined closure.

46.     Mr. Brown has also refused to acknowledge that the Tesoro/Marathon and Depper properties, in addition to numerous other adjacent properties, have already been zoned for "mixed residential use" by the City of Walnut Creek. As a consequence, HHRA risks are modeled under a residential exposure scenario. Evidence does not reflect that Mr. Brown has contemplated this fact when engaging his attempts to close the site. The available evidence does not reflect that Mr. Brown has ever applied residential exposure assumptions when evaluating risk or when considering closure for the Tesoro/Marathon UST site.

47.     A formal letter from Mr. Alec Naugle, P.G., Toxics Cleanup Division Manager for California SFRWQCB, containing various criticisms of Mr. Depper and his consultant Mr. Goldman, with respect to the September 13, 2023 testimony was dated November 17, 2023 and disseminated to Tesoro/Marathon and its counsel. This communication was rendered in retaliation for Mr. Depper's exercise of his First Amendment rights to critique government officials and to petition for redress of grievances, including environmental accountability. By providing this letter to Tesoro/Marathon, Mr. Naugle ensured that Mr. Depper's private business adversaries were cognizant of this public rebuke.

48.     Mr. Brown sent a December 6, 2023 email to the SFRWQCB's Mr. Angus Chan, chronicling the "Tesoro/Marathon-Depper conflict" in Walnut Creek. Mr. Brown described that well destruction had been ordered in June of 2023, but that

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

the off-site property owner objected to the destruction of the two (2) wells on the Depper parcel. Mr. Brown next instructed Tesoro/Marathon to delay well destruction until further notice. Mr. Brown communicated to Mr. Chan, however, that he planned to send an email requesting Tesoro/Marathon to reinitiate well destruction activities, but that he also anticipated non-cooperation from Mr. Depper. Mr. Brown's internal communications framed Mr. Depper as an "obstructionist," despite the fact that destruction of MW-10 and MW-11 would have eliminated the only down-gradient monitoring points confirming Tesoro/Marathon-caused contamination.

49.     On February 28, 2024, Mr. Greg Antone, Esq. counsel for Stephen Depper, sent a letter via email to Diane Pfeffer-Martin of Hogan Lovells US LLP, counsel for Tesoro/Marathon, in response to her January 17, 2024 letter, that dealt with Mr. Antone's December 7, 2023 letter to Robert Harris.   In the February 28, 2024 letter, Mr. Antone conveyed his extreme disappointment with Ms. Pfeffer-Martin's one-sided letter that was without proper reference to the protection of the general public. Mr. Antone aptly claimed to be trying to find, bring to bear and remedy, as necessary any and all pollutants, toxic material or harmful status of the properties in question for the benefit of all. Mr. Antone emphasized that Ms. Pfeffer-Martin's portrayal of the site situation was selectively framed to favor Tesoro/Marathon. Tesoro/Marathon owns the service station and now Speedway Gas Station on the property.

50.     Mr. Antone emphasized that there was no current binding access agreement between the parties, Tesoro/Marathon and Depper/Goldman. Importantly, Mr. Antone's February 28, 2024 letter acknowledged that Ms. Pfeffer-Martin had earlier communicated that the SFRWQCB's November 17, 2023 letter confirmed closure was appropriate for the Tesoro/Marathon site and that a December 8, 2023 email from the Regional Board notified Tesoro/Marathon that it was authorized to proceed with the destruction of monitoring wells and soil vapor probes associated

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

with the Tesoro/Marathon site, including MW-10 and MW-11 located on the Depper property. Mr. Antone further argued that, as had been demonstrated to Tesoro/Marathon for several years, the Tesoro/Marathon site remained inappropriate for closure due to the fact that the residual contamination had never been completely cleaned up, remaining a potential source of contamination spread, concurrently and into the future. Mr. Antone correctly highlighted the fact that Tesoro/Marathon's contamination remained an ongoing and future threat due to incomplete cleanup.

51.     Mr. Antone next informed Ms. Pfeffer-Martin that the Regional Board's approval for the destruction of groundwater monitoring wells did not constitute a site closure; the site was not closed. Mr. Antone stated that the groundwater monitoring wells MW-10 and MW-11, located on the adjacent Depper property, would be needed to monitor the contaminant plume beneath the Depper property as well as the Doherty property located at 2082 Mount Diablo Boulevard. The removal of MW-10 and MW-11 would have erased critical evidence of Tesoro/Marathon-generated contamination and crippled Mr. Depper's ability to conduct long-term monitoring.

52.     Mr. Antone further articulated the understanding that (a) the site could not be closed until MW-10 and MW-11 had been removed as per State regulation and that (b) Mr. Depper would not allow Tesoro/Marathon access to the Depper property to remove the wells until Tesoro/Marathon had alleviated pertinent concerns regarding the health threat caused by Tesoro/Marathon's contamination. Reciprocal access was appropriate; Mr. Antone communicated this important fact. Mr. Antone next informed Ms. Pfeffer-Martin that the reciprocal access agreement was a concerted effort to resolve the impasse, but that Ms. Pfeffer-Martin had rejected it without merit, apparently to strategically maintain control of the narrative.

53.     Mr. Antone next documented the fact that Mr. Depper had already presented Tesoro/Marathon with numerous unresolved issues, cumulatively demonstrating that the Tesoro/Marathon UST site could not be closed. One such issue was that the former waste oil from Tesoro/Marathon UST had been improperly

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

removed from the Tesoro/Marathon site in 1987. This occurrence had never been properly investigated and was never closed by the County. He said that issue by itself disqualified the Tesoro/Marathon site for closure. Tesoro/Marathon's failure to resolve the 1987 waste-oil UST violations remains a major regulatory deficiency ignored by Mr. Brown.

54.     Mr. Antone's February 28, 2024 letter proceeded to express concern that Kevin Brown had exercised, claimed the authority to exercise, or attempted to exercise, powers and decisions beyond his lawful authority. Mr. Antone stated that Mr. Brown and the SFRWQCB had authority neither to shut down the station site nor to proceed with the destruction of the monitoring wells. Mr. Antone warned that attempts to engage in such illegal behavior would result in injunctive relief practice. Importantly, Mr. Antone expressly noted that the legal authority Ms. Pfeffer-Martin had cited was appropriately wielded by the County and not the SFRWQCB. Mr. Brown's attempts to exert closure authority constituted ultra-vires conduct. Mr. Brown was acting in excess of the powers granted to him by statute.

55.     Next, Mr. Antone documented that the nature of his reciprocal access request would protect the public and local residents or property owners/operators, including a Church and two (2) schools.   Lastly, Mr. Antone reflected that, due to the recent reconsideration by the Regional Board regarding the intended closure of the former Tesoro/Marathon gas station site, he was authorized to again propose reciprocal access agreements between Tesoro/Marathon and the Deppers. This underscores that Mr. Brown's earlier unilateral decisions had already produced community-level risks, which required higher-level SFRWQCB intervention.

56.     On March 29, 2024 Mr. Naugle responded to Mr. Antone's February 28, 2024 missive, via letter sent by email. "Let me express our growing concern that Kevin Brown is exercising, claiming the authority to exercise, or attempting to exercise, powers and decisions out of his lawful control." Mr. Naugle further indicated, "Mr. Brown and his Board have no authority to shut down, and effect

**COMPLAINT FOR CIVIL DAMAGES**

- 18 -

closure of the station site, or 'proceed' with the destruction of the monitoring wells, as you claim." Mr. Naugle initially claimed that Mr. Brown was not acting beyond the scope of his own SFRWQCB authority in making certain determinations related to the closure of the subject case. He then explained that Mr. Brown's communications regarding the findings and decisions of the site were consistent with the SFRWQCB's regulations and internal policies and were fully supported. Mr. Naugle also stated that Mr. Brown does not act in a supervisory role and that final decisions to close the instant case or any case were made by the SFRWQCB's Executive Officer on behalf of Mr. Goldman describing the Board. Mr. Naugle's letter simultaneously criticized Mr. Brown while attempting to guard against SFRWQCB liability. This revealed an internal conflict; an attempt to shield the agency while rebuking Plaintiff.

57.    This March 29, 2024 reply warned Mr. Antone and, by designation, Plaintiff, to "avoid making such remarks," again distributing the rebuke broadly to Tesoro/Marathon and Contra Costa Health Services, further solidifying the aspersions cast upon Plaintiff.

58.    On May 22, 2024, Enforcement Analyst Francesca Domingo La Fleur of the California Board for Professional Engineers, Land Surveyors and Geologists wrote a letter to Mr. Goldman describing a complaint received by the Enforcement Unit of the California Board for Professional Engineers, Land Surveyors and Geologists. This letter referenced Mr. Goldman's allegedly negligent misrepresentation of historical site data, in addition to other relevant details concerning a leaking underground storage tank at a project located at 2094 Mount Diablo Boulevard in Walnut Creek, CA. This complaint involved potential violations of the Geologist and Geophysicist Act (Business and Professions Code §7800, *et seq.*). The letter referred to Mr. Goldman's September 13, 2023 publication and indicated that Mr. Goldman was to respond on or before June 24, 2024. The timing and substance of the complaint manifest it as a form of retaliation,

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

closely following Plaintiff's engagement in protected speech.

59.     May 30, 2024 was the date Ms. La Fleur emailed Mr. Antone, further describing the complaint to allege that Mr. Goldman provided the SFRWQCB a report called the "Handout" and that this document detailed the alleged misrepresentation of the historical site data. Ms. La Fleur also communicated that, after receiving Mr. Goldman's response to the allegations, she intended to transmit the case file to an Independent Expert Consultant. This Independent Expert Consultant would assist the Enforcement Unit's staff by reviewing more technical aspects of the complaints and providing opinions based on particular identifications of supposed departures from the standards of practice held by a professional engineer/land surveyor/geologist. The engineered escalation, communication of the "Handout" report to an Independent Expert, was an attempt to impose professional harm on Mr. Goldman for his testimony.

60.     This May 30, 2024 email established direct causation between Mr. Depper's public testimony and ensuing state-level reprisals, proving coordination intended to punish Mr. Depper's exercise of free speech rights. This data also confirms that the retaliatory complaint originated from SFRWQCB personnel, associated directly with Mr. Depper's and Mr. Goldman's public testimony, petitioning activity.

61.     Claims for Tort Damages were timely presented to Defendant via letters, in substantial compliance with California Government Code §910. These Claims for Tort Damages were tendered with respect to injuries sustained by Plaintiff as a result of the incident set forth herein. These claims have been denied by operation of law. This lawsuit has been initiated within the six (6) month timeframe articulated within such Notice.

//

//

//

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

# FIRST CAUSE OF ACTION FOR VIOLATION OF THE BANE ACT, CALIFORNIA CIVIL CODE  §52.1; RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES, PER ARTICLE I, §3 OF CALIFORNIA'S CONSTITUTION

**(By Plaintiff against All Named Defendants and Does 1-10, in their individual and official capacities)**

62.    Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 61, inclusive, as if fully set forth herein. Defendant and Does 1-10, and each of them, caused Plaintiff to be deprived of rights, privileges, and immunities secured to him by California's Constitution and laws enacted thereby, when they engaged in the acts above described.

63.    As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for economic damages, in addition to physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries he suffered as a direct and legal result of the conduct of Defendants.

64.    Defendants took the aforementioned actions immediately following Plaintiff's September 13, 2023 protected activities, as described above, and were motivated by Plaintiff's petitioning activities. In fact, the aforescribed actions were taken for the specific purpose of silencing Plaintiff, of depriving Plaintiff of his right to petition the government for redress of grievances, as protected by Article I, §3 of the California Constitution, as well as California's Civil Code §52.1. Defendants did not engage in their punitive acts of intimidation and reprisal until the period of time immediately following Plaintiff's exercise of his right to petition the government for redress of grievances.

65.    As a direct and legal result of the conduct of Defendants as set forth

**COMPLAINT FOR CIVIL DAMAGES**

above, Plaintiff has suffered general damages including but not limited to economic injury, damage to his personal and professional reputation, pain and suffering, humiliation, embarrassment, and grievous emotional, physical and psychological injury. Defendants, by their actions as set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to cause injury to Plaintiff and with conscious disregard of his rights.

66.     Defendants occupied positions of trust which gave them power to inflict physical and emotional harm to Plaintiff. Defendants abused those positions of trust by maliciously and oppressively subjecting Plaintiff to the circumstances aforescribed. To the extent that any portion of these damages is attributable to a non-municipal, individual Defendant, Plaintiff is therefore entitled to punitive damages, in an amount to be pleaded and proven at trial.

## SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983; U.S. CONSTITUTION'S 1ST AMENDMENT RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES

**(By Plaintiff against All Named Defendants and Does 1-10, in their individual and official capacities)**

67.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 61, inclusive, as if fully set forth herein.

68.     Plaintiff had a right to petition the government, in redress of his grievances. The Defendants by their aforescribed conduct deliberately interfered with the exercise or enjoyment of Plaintiff's rights as secured by the 1st and 14th Amendments to the United States Constitution or laws of the United States.

69.     Defendants took the aforementioned actions immediately following Plaintiff's September 13, 2023 protected activities, as described above, and were motivated by Plaintiff's petitioning activities. In fact, the aforescribed actions were taken for the specific purpose of silencing Plaintiff, of depriving Plaintiff of his right to petition the government for redress of grievances, as protected by the First

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

Amendment to the U.S. Constitution. Defendants did not engage in their punitive acts of reprisal until the period of time immediately following Plaintiff's exercise of his right to petition the government for redress of grievances.

70.    There was no lawful justification for Defendants to threaten, intimidate or coerce the Plaintiff or to attempt to use threats, intimidation, or coercion to interfere with Plaintiff's right to exercise his 1st Amendment right to petition the government. Defendants have used verbal threats of regulatory, professional and reputational harm, including intimidation, to interfere with Plaintiff's rights secured by the Constitution of the United States. Confirm before filing whether any literal "threats of arrest" occurred. Revise previous sentence If not, the language should focus on documented threats of regulatory, professional, and reputational harm rather than criminal arrest.

71.    As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries he suffered as a direct and legal result of the conduct of Defendants, according to proof at trial.

**THIRD CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983-*MONELL* CLAIM; U.S .CONSTITUTION'S 1ST AMENDMENT RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES**

**(By Plaintiff against All Named Defendants and Does 1-10, in their individual and official capacities)**

72.    Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 61, inclusive, as if fully set forth herein.

73.    Defendants, by and through its supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

violations and practices by the individual Defendants named herein, as well as other SFRWQCB employees, consisting of retaliatory and intimidating practices intended to prevent citizens from exercising their 1st Amendment right to petition the government for redress of grievances. Said notice has come via civilian complaints, both oral and in written form, through numerous public comments, and in the form of numerous news media stories and editorials. These retaliatory and intimidating practices also include: members of the public being discouraged by letters from lodging disagreements, being threatened with loss of licensure status and having their professional reputations sullied.

74.     As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries he suffered as a direct and legal result of the conduct of Defendants, according to proof at trial.

## FOURTH CAUSE OF ACTION FOR DENIAL OF PROCEDURAL DUE PROCESS IN VIOLATION OF 42 U.S.C. § 1983

### (By Plaintiff All Named Defendants and Does 1-10, in their individual and official capacities)

75.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 61, inclusive, as if fully set forth herein.

76.     Plaintiff alleges, upon information and belief, that at all relevant times hereto, Defendants were acting both in their individual or personal capacities, as well as in their official capacities. Plaintiff was, at all material times, in full and complete reliance upon the Defendants and each of them to fairly and competently perform their duties. As a result, Defendants each had a duty to Plaintiff to perform the pertinent factual investigations and to preserve and present the physical evidence

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

as to ensure that Plaintiff's procedural due process rights were protected. Based upon the allegations heretofore made, Defendants and each of them breached said duty.

77.     As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries he suffered as a direct and legal result of the conduct of Defendants, according to proof at trial.

## FIFTH CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING AND RETENTION

### (By Plaintiff against All Named Defendants and Does 1-10, in their Individual and official capacities)

78.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 61, inclusive, as if fully set forth herein.

79.     Defendant SFRWQCB had the power, as well as the ability, authority and duty to supervise, control and train individually named employees, including Kevin Brown, and DOE Defendants 1 through 10, inclusive.  Defendant SFRWQCB failed to perform these responsibilities and in so doing negligently failed to prevent Plaintiff's injuries.

80.     Defendant SFRWQCB acted knowingly, or with gross negligence, or with deliberate indifference to the constitutional rights of Plaintiff. Defendant SFRWQCB maintained, fostered, condoned or else failed to correct an official policy, practice, or custom of permitting the occurrence of the types of wrongs set forth in this Complaint for Damages. Defendant SFRWQCB further failed to properly train, supervise, retrain, monitor, or take corrective action with respect to the actions taken by Kevin Brown, as well as other agents described herein, so that

**COMPLAINT FOR CIVIL DAMAGES**

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

1   Defendant SFRWQCB is liable to Plaintiff for damages suffered herein.

2       81.    Kevin Brown possessed dangerous propensities, based upon past

3   workplace performance. Defendant SFRWQCB hired, retained and failed to properly

4   supervise Mr. Brown, notwithstanding the fact that Defendant SFRWQCB knew or

5   should have known of Mr. Brown's dangerous and/or negligent propensities.

6       82.    As a direct and legal result of the conduct of Defendants as set forth

7   above, Plaintiff has suffered special damages for physical and emotional harm

8   pursuant to the aforescribed adverse consequences, in an amount not yet fully

9   known. As set forth above, Plaintiff suffered and will continue to suffer special

10  damages, in an amount not yet ascertained, for emotional, physical and

11  psychological injuries he suffered as a direct and legal result of the conduct of

12  Defendants, according to proof at trial.

### SIXTH CAUSE OF ACTION FOR DEFAMATION-
### FALSE LIGHT PUBLICATION

**(By Plaintiff against All Named Defendants and Does 1-10, in their
individual and official capacities)**

17      83.    Plaintiff repeats and incorporates by reference the allegations contained

18  in paragraphs 1 through 61, inclusive, as if fully set forth herein.

19      84.    Defendant SFRWQCB, as described herein, publicly disclosed

20  information or material that showed Plaintiff and his business interests in

21  respectively false lights. The false light created by these disclosures is and would be

22  deemed highly offensive to a reasonable person in Plaintiff's position as professional

23  consultant.

24      85.    The facts aforescribed constitute clear and convincing evidence that

25  Defendant SFRWQCB (a) knew the disclosures would create false impressions

26  about Plaintiff Goldman; or (b) alternatively, Defendant SFRWQCB acted with

27  reckless disregard for the truth relative to these disclosures; or (c) Defendant

28  //

SFRWQCB was negligent in determining the truth of the information or whether a false impression would be created by its disclosure.

86.    Plaintiff was harmed by the aforementioned public disclosure, either to his business, his professional reputation, his profession, or his occupation. This harm includes money spent as a result of the statement; and Defendant SFRWQCB's conduct was a substantial factor in causing Plaintiff's respective harm.

87.    As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries he suffered as a direct and legal result of the conduct of Defendants, according to proof at trial.

<u>DAMAGES</u>

88.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial. In doing the acts herein alleged, the individual DOE Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages, in an amount according to proof at the time of trial.

89.    As a proximate result of Defendants' conduct, Plaintiff suffered pain and emotional injuries. As a further proximate result of Defendants' conduct, Plaintiff suffered emotional mental distress, fear, terror, anxiety, humiliation, embarrassment and loss of his respective senses of security, dignity and pride as a citizen of the United States.

90.    The conduct of the individual Defendants was malicious, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages against

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

these individual Defendants. Plaintiff is informed and believes and upon such allege that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive, and reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

91.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights, pursuant to 42 U.S.C. §1988.

<u>REQUEST FOR RELIEF</u>

92.     WHEREFORE, Plaintiff respectfully requests that judgment enter in favor of Plaintiff and against Defendants and each of them as follows:

a.      On all claims, for general and special damages according to proof;

b.      On the claims against the individual Defendants, for exemplary and punitive damages according to proof;

c.      On all California Civil Code §52.1 claims, for costs, interest and reasonable attorney's fees;

d.      On all claims for violation of 42 U.S.C. §1983, Plaintiff requests that this Court award monetary damages via 42 U.S.C. §1988 and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

//
//
//
//
//
//
//

**COMPLAINT FOR CIVIL DAMAGES**

1    e.    For such other relief as is just and proper.

2  **Dated: November 17, 2025**

3                              **Respectfully Submitted**

4

5                              */s/ Franklin L. Ferguson, Jr.*

6                              **By**_____

7                              **Franklin L. Ferguson, Jr.,**
                              **Attorney for Plaintiffs**

8                      <u>**DEMAND FOR JURY TRIAL**</u>

9    93.    Trial by jury is hereby demanded for determination of all issues.

10  **Dated: November 17, 2025**

11                             **Respectfully Submitted**

12

13                             */s/ Franklin L. Ferguson, Jr.*

14                             **By**_____
                              **Franklin L. Ferguson, Jr.,**

15                             **Attorney for Plaintiff**

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Office of Franklin L. Ferguson, Jr.
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375; franklin@franklinferguson.com

**COMPLAINT FOR CIVIL DAMAGES**